NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MEASURING & MONITORING SERVICES, INC., | : : : | Civil Action No. 03-4820(WHW) |
| Plaintiff, | : : | |
| v. | : : | |
| WATT BUSTERS, INC. and JEFF BURGER, | : : : | **OPINION** |
| | : | June 5, 2006 |
| Defendants. | : : | |

**SUSAN D. WIGENTON, UNITED STATES MAGISTRATE JUDGE:**

Plaintiff Measuring & Monitoring Servies, Inc. ("Plaintiff") makes the application to the Court to hold Defendant Watt Busters, Inc. ("Defendant") in contempt of the Court's August 2, 2004 Final Consent Judgment ("Final Order"), which resulted from the parties' Settlement Agreement, in order to cease Defendant from infringing Plaintiff's Patent, No. RE35,793 ("'793"). Defendant opposes this motion and seeks to enforce the Settlement Agreement negotiated by both parties. Defendant also filed a cross-motion for damages. Pursuant to Fed. R. Civ. P. 78, these motions are decided based upon the parties' written submissions without oral argument.[1] The Court shall enforce the settlement for the reasons herein stated. As such, Plaintiff's motion is **DENIED** and Defendant's cross-motion is **DENIED**.

---

[1] The Court is satisfied that the submissions, including additional supplemental affidavits and briefs submitted by both parties, are sufficient for an adjudication of this matter. The Court is also deciding this motion without an evidentiary hearing as the Court did not act as a fact-finder to determine the outcome of this case. Rather, the Court is enforcing the terms of the Settlement Agreement as negotiated and agreed upon by both parties.

**A. Background**

This matter originally arose from a patent infringement dispute of the patent '793. On August 3, 2004, the parties entered into a Settlement Agreement which was approved by the Court on August 4, 2006. The Final Order was then executed to reflect that determination. Among the provisions set forth in the Settlement Agreement, Plaintiff agreed to license its TimeFrame Software and 25 monitoring systems to Defendant in exchange for various fees. The Settlement Agreement also provided that "[i]n the event [Defendant] fail to timely pay such monies, the License Agreement and above-referenced license to use the monitoring systems shall terminate immediately upon notice from [Plaintiff]." Pursuant to the Final Order, once Plaintiff revokes Defendant's License, Defendant is "permanently enjoined during the life of the '793 Patent from any acts of infringement."

In February 2005, Defendant inadvertently failed to send its payment for the use of the License on February 1st. Plaintiff brought the deficiency of payment to Defendant's attention on February 11, 2005. Such payment was then made to Plaintiff on the same date. However, Plaintiff unilaterally revoked the License on February 22, 2005 even though the payment was paid in full 11 days after the due date. In addition to revoking the License, Plaintiff also removed the monitoring systems from Defendant's customer's sites. Thereafter, in April 2005, Defendant applied for a Temporary Restraining Order from the Court to prevent further alleged tortious acts from Plaintiff. The Honorable William H. Walls S.U.S.D.J, subsequently denied the application stating that Defendant failed to demonstrate a likelihood of success on the merits of its claim that Plaintiff was not authorized to terminate the License.[2]

---

[2] It is important to note that Judge Walls stated on the record that the issue between the parties is a question of money. The allegations that payments are not timely made has to be considered against the backdrop that the majority of payments apparently have been made. Judge

Plaintiff alleges that Defendant is presently using the patented software and the monitoring systems after Plaintiff revoked the License. Plaintiff now seeks for the Court to hold Defendant in contempt of the Court's Final Order - namely, continual usage of the software and monitoring system after the revocation of the License by Plaintiff. In addition, Plaintiff is seeking sanctions and recovery of lost profits as damages. Defendant, on the other hand, vehemently denies any wrongdoing and seeks to enforce the Settlement Agreement. Defendant also requests the Court to grant certain compensatory damages as Plaintiff has frustrated Defendant's business for over a period in excess of a year.

**B. The Enforcement of the Settlement Agreement**

The Third Circuit has held that "an agreement to settle a law suit, voluntarily entered into, is binding upon the parties . . . ." Green v. John H. Lewis & Co., 436 F.2d 389, 390 (3d Cir. 1970). A settlement agreement between the parties to a lawsuit is a binding legal contract. Nolan v. Lee Ho, 120 N.J. 465, 472 (1990)(citations omitted). As such, a federal court shall apply state law to the construction and enforcement of a settlement agreement. Excelsior Ins. Co. v. Pennsbury Pain Center, 975 F.Supp. 342, 348 (D.N.J. 1996). New Jersey Courts generally disallow vacating settlement agreements absent a showing of fraud, mutual mistake, or other compelling circumstances. Nolan, 120 N.J. at 472. Before vacating a settlement agreement New Jersey courts require "'clear and convincing proof' that the agreement should be vacated." Id.(citations omitted).

Here, Plaintiff has not demonstrated any compelling circumstances or provided clear and

---

Walls then went on to deny Defendant's request stating that "there is not a likelihood of success for either side." Further, "it's in the public's interest not to clog up the federal calender with matters that are not consequential to either party."

convincing proof that would warrant the Court to vacate the parties' Settlement Agreement.[3] Instead, Plaintiff submits that Defendant <u>allegedly</u> failed to comply with certain provisions of the Settlement Agreement, thus, prompting Plaintiff to revoke the License. Defendant denies the majority of the allegations and asserts that due to Plaintiff's tortious actions Defendant was unable to perform some of its duties. These allegations are summarily listed below:

1. ¶ 3 - Defendant failed to certify and warrant that it owns and/or services only 77 monitoring systems.

2. ¶ 4 - Defendant failed to provide to Plaintiff by November 1, 2004: (a) a list of the serial numbers of each of the 77 monitoring systems referenced in the Settlement Agreement; (b) the effective date and termination date of the energy service agreements associated with each of the 77 monitoring systems; (c) the identity of the end-users of the 77 monitoring systems; and (d) the identity of the owners of the 77 monitoring systems.

3. ¶ 7 - Defendant failed to let Plaintiff to examine and inspect the monitoring systems serviced.

4. ¶ 8 - Defendant failed to pay Plaintiff the balance of monies owed to Plaintiff as a result of fees owed from (a) the 19 infringing monitoring systems (b) the use of certain monitoring systems prior to August 3, 2004, and (c) any modified monitoring system, less 7,500. Further, Defendant failed to timely pay Plaintiff fees for use of the License by or on the first day of each month.[4]

---

[3]The Court is aware that Plaintiff is seeking to hold Defendant in contempt of the Final Order. Nevertheless, the result of granting Plaintiff's motion while Plaintiff has heretofore revoked the License is in essence invalidating the Settlement Agreement. Thus, the Court will analyze this issue in accordance with the rules enumerated above.

[4] It is undisputed that Defendant submitted the February 2005 payment 11 days late as noted above.

      5. ¶ 14 - Defendant failed to obtain all necessary corporate approvals and authorizations to carry out the Settlement Agreement.

      Although, as the Settlement Agreement provided, Plaintiff can revoke the License for noncompliance of any provision, the Court finds as a matter of public policy that it is unreasonable to vacate the parties' agreement based on that reasoning alone. The New Jersey Supreme Court propounded, "[e]mbedded in our jurisprudence is the principle that settlement of litigation ranks high in our public policy. Consequently, our courts have refused to vacate final settlements absent compelling circumstances." Id. In this case, it would be repugnant to public policy if the Court grants Plaintiff's request based on the submission of a payment 11 days late as that is not a compelling circumstance. As to the issue of other breaches of the Settlement Agreement by Defendant, Plaintiff is unable to evince clear and convincing evidence to support those allegations. Thus, absent a showing of fraud, misrepresentation or other compelling circumstances, the Court will not invalidate the Settlement Agreement.

      Admittedly, the parties' professional relationship has deteriorated. After reviewing the certifications and affidavits, there are certainly various factual disputes relating to the compliance of the Settlement Agreement. Ostensibly, the ability to amicably resolve these disputes between the parties is irreparable. Thus, the parties are now contesting trivial matters that should and could have been dealt with with ease. Unfortunately, the Court is reluctant to "supervise" the parties for each and every dispute. The Court is of the opinion that these issues could have been resolved if Plaintiff and Defendant had simply conferred.

**C. Plaintiff's Motion for Civil Contempt and Sanctions**

      The Third Circuit requires the plaintiff to present "clear and convincing evidence" to satisfy

its heavy burden of showing that a defendant is guilty of civil contempt. <u>Schauffler on Behalf of Nat'l Labor Relations Bd. v. Local 1291, Int'l Long-Shoremans Ass'n</u>, 292 F.2d 182, 189-90 (3d Cir. 1961). "Civil contempt is a severe remedy, and should not be resorted to where there is fair ground of doubt." <u>Nelson Tool & Machine Co., Inc. v. Wonderland Originals Ltd.</u>, 491 F.Supp. 268, 269 (E.D.Pa 1980)(citations omitted). As such, "[d]amages for civil contempt, as well as liability, must also be proven by clear and convincing evidence." <u>Id.</u>(citations omitted).

After finding Plaintiff failed to demonstrate a compelling circumstance for the Court to invalidate the Settlement Agreement, the Court finds that Plaintiff again failed to show with clear convincing evidence that Defendant was in contempt of the Final Order and thus a hearing will not be necessary. At best, Plaintiff has shown that there are factual disputes that should be resolved by the parties. Thus, Plaintiff's motion for civil contempt is denied, and thereby rendering the issue of sanctions moot.

**D. Defendant's Cross-Motion for Damages**

Defendant alleged that Plaintiff failed to deal fairly and act in good faith when executing its duties pursuant to the Settlement Agreement. Specifically, Defendant seeks damages as Plaintiff has allegedly taken unnecessary and tortious actions to frustrate Defendant's business. However, due to the debatable nature of Defendant's allegations; the lack of evidence to substantiate its claims; and pursuant to the aforementioned grounds, Defendant's cross-motion for damages is denied.

**E. Conclusion**

The Court has indulged both parties in this matter. With regard to Plaintiff and Defendant's assertions of wrongdoing, the Court is guided by Judge Walls' wisdom whereby he previously advised the parties that these inconsequential issues only relate to money. Consequently, the Court,

...

here, opines that the parties shall confer and resolve these issues rather than contesting them in court. Absent any clear and convincing evidence to show a material breach of the Settlement Agreement and/or the Final Order, the Court hereby denies Plaintiff's motion and orders the enforcement of the Settlement Agreement. Similarly, Defendant's cross-motion is denied. It is further ordered that the parties shall confer with regard to the outstanding financial obligations of Defendant as set forth in the Settlement Agreement. Henceforth, both parties must comply with the terms of the Settlement Agreement.

                                        **s/SUSAN D. WIGENTON**
                                        UNITED STATES MAGISTRATE JUDGE

Orig:  Clerk
cc:     District Judge
        Parties
        File